Nos. 20-16416, 20-16538, 20-16826

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

WILL EVANS and THE CENTER FOR INVESTIGATIVE REPORTING,

*Plaintiffs-Appellees / Cross-Appellants,*

SYNOPSYS, INC.,

*Intervenor-Appellant / Cross-Appellee,*

v.

U.S. DEPARTMENT OF LABOR,

*Defendant-Appellee / Cross-Appellant.*

---

On Appeal from the United States District Court for the Northern District of California, Oakland Division, Case No. 4:19-cv-01843-KAW, Honorable Kandis A. Westmore

---

# SUPPLEMENTAL BRIEF FOR PLAINTIFF-APPELLEES/CROSS-APPELLANTS THE CENTER FOR INVESTIGATIVE REPORTING AND WILL EVANS

---


D. VICTORIA BARANETSKY, #311892
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th Street, Suite 200
Emeryville, CA 94608
Telephone: 510 982 2890
vbaranetsky@revealnews.org

STEVEN A. HIRSCH, #171825
MATTHEW M. WERDEGAR, #200470
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
shirsch@keker.com
mwerdegar@keker.com

*Attorneys for Plaintiff-Appellees / Cross-Appellants*
WILL EVANS and THE CENTER FOR INVESTIGATIVE REPORTING

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 3

III. LEGAL ARGUMENT .......... 6

**A. The statutory requirements to file a timely notice of appeal and to file a timely extension motion are jurisdictional and therefore not subject to forfeiture. .......... 6**

1. The requirement in 28 U.S.C. § 2107(b) to file a timely notice of appeal is jurisdictional and thus not subject to forfeiture. .......... 7

2. The requirement in 28 U.S.C. § 2107(c) to file a timely extension motion is jurisdictional and thus not subject to forfeiture. .......... 9

**B. Even if these requirements are not jurisdictional, CIR did not forfeit its argument that Synopsys failed to satisfy them and that the district court exceeded its authority by ignoring Synopsys's noncompliance. .......... 11**

**C. Synopsys waived any forfeiture argument by failing to raise it in its briefs to this Court. .......... 14**

IV. CONCLUSION .......... 15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Atencio v. TuneCore, Inc.*,
843 F. App'x 42 (9th Cir. 2021) ........ 14

*Bowles v. Russell*,
551 U.S. 205 (2007) ........ 8, 10

*Browder v. Dir., Dep't of Corr. of Ill.*,
434 U.S. 257 (1978) ........ 8

*Hamer v. Neighborhood Housing Servs. of Chicago*,
138 S. Ct. 13 (2017) ........ *passim*

*Havasupai Tribe v. Provencio*,
906 F.3d 1155 (9th Cir. 2018) ........ 6

*Havensight Cap. LLC v. Nike, Inc.*,
891 F.3d 1167 (9th Cir. 2018) ........ 8

*Kontrick v. Ryan*,
540 U.S. 443 (2004) ........ 6

*Krivak v. Home Depot U.S.A., Inc.*,
2 F.4th 601 (7th Cir. 2021) ........ 10

*Martin v. Sullivan*,
876 F.3d 235 (6th Cir. 2017) ........ 10

*Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*,
926 F.3d 427 (7th Cir. 2019) ........ 10

*Norwood v. Vance*,
591 F.3d 1062 (9th Cir. 2010) ........ 14

*Orr v. Plumb*,
884 F.3d 923 (9th Cir. 2018) ........ 14

*Parker v. Strickland*,
728 F.2d 1406 (11th Cir. 1984) ........ 10

*Sophanthavong v. Palmateer*,
378 F.3d 859 (9th Cir. 2004) ........ 11

*United States ex rel. Haight v. Cath. Healthcare W.*,
602 F.3d 949 (9th Cir. 2010) ........ 10

*United States v. Curry*,
47 U.S. 106 (1848) ........ 10

*United States v. Sadler*,
480 F.3d 932 (9th Cir. 2007) ........ 8, 11, 12

*United States v. Sainz*,
933 F.3d 1080 (9th Cir. 2019) ........ 14

## Federal Statutes

28 U.S.C. § 2107 ........ *passim*

## Rules

Federal Rule of Appellate Procedure 4(a)(1)(B) ........ 3

Federal Rule of Appellate Procedure 4(a)(5) ........ 4, 9

## I. INTRODUCTION[1]

After this case was submitted, following oral argument, the Court asked the parties for supplemental briefing on the question of whether the Department of Labor ("DOL") and The Center for Investigative Reporting ("CIR") had "forfeited their argument . . . that the district court did not have authority to respond to Synopsys's motion to intervene, emergency motion to stay, and motion to shorten time by extending the February 10, 2020 deadline to appeal the entry of summary judgment." The Court's order did not identify its basis for raising the forfeiture question.

For three reasons, the answer is "no."

---

[1] In quotations throughout this brief, unless otherwise indicated, emphases were added and internal punctuation, citations, and footnotes were omitted. As used herein, "summary-judgment order" refers to the district court's December 10, 2019 Order on Cross-Motions for Summary Judgment (1-ER-FA10); "intervention order" refers to the district court's July 20, 2020 Order Granting in Part and Denying in Part Synopsys, Inc.'s Motion for Leave to Intervene (1-ER-FA1); "Rule" refers to a Federal Rule of Appellate Procedure; "CIR" refers to the Center for Investigative Reporting; "DOL" refers to the Department of Labor; and "§ 2107" refers to 28 U.S.C. § 2107. For ease of reference, this brief adopts Synopsys's convention insofar as citations to the excerpts of record from Case. No. 4:19-cv-01843-KAW take the form "ER-FA."

***First***, the requirements that Synopsys failed to meet are all jurisdictional, and any arguments regarding its failure to meet them—including that the district court lacked authority to excuse such failures—are incapable of being forfeited. In *Hamer v. Neighborhood Housing Services of Chicago*, the Supreme Court reaffirmed that "an appeal filing deadline *prescribed by statute* will be regarded as jurisdictional," unlike a mandatory claim-processing rule, and that a "jurisdictional defect is not subject to waiver or forfeiture." 138 S. Ct. 13, 16-17 (2017) (emphasis added).

As CIR has argued, Synopsys failed to satisfy two statutory prerequisites, depriving this Court of jurisdiction to hear this appeal. Synopsys did not comply with 28 U.S.C. § 2107(b) when it failed to file a timely notice of appeal within 60 days of entry of the summary-judgment order. And Synopsys failed to comply with 28 U.S.C. § 2107(c) when it failed to file a motion to extend the appeal deadline. Under § 2107(c), absent a motion to extend, the district court lacked authority to grant additional time to appeal. Because these requirements are set by statute, they are jurisdictional and not subject to forfeiture under *Hamer*.

***Second***, even assuming that these requirements are ***not*** jurisdictional but mere mandatory claim-processing rules, CIR preserved its arguments by properly raising them in its opening and reply briefs to this Court, as well as in the district court below.

***Third***, even if the Court finds that DOL and CIR forfeited these arguments in the district court, Synopsys "waived the waiver" by failing to claim forfeiture by CIR and the DOL in its briefs to this Court.

## II. BACKGROUND

On December 10, 2019, the district court ordered DOL to disclose the records at issue in this case to CIR. ER-FA10. By statute and by rule, the deadline to file a notice of appeal regarding the disclosure order was 60 days after entry of the order—i.e., February 10, 2020. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B) (implementing the statute).

On January 30, 2020, Synopsys filed three motions: a motion to intervene; a motion for an emergency stay pending resolution of intervention; and a motion to shorten time to hear the emergency stay motion. 2-ER-FA241. Synopsys did not file a notice of appeal.

On February 4, 2020, the district court granted the emergency stay and shorten-time motions. ER-FA39. According to the district court, the grant of emergency stay "preserve[d] Synopsys's time to appeal" the disclosure order. ER-FA41. But the district court did not cite any authority for this determination.

Under 28 U.S.C. § 2107(c), courts may extend a litigant's appeal deadline under limited circumstances. In particular, a district court has authority to extend the time to appeal only if the party moves to extend "no[] later than 30 days after the expiration of the time otherwise set for bringing appeal." 28 U.S.C. § 2107(c). The court also must find that the movant has made "a showing of excusable neglect or good cause." *Id.*; *see also* Fed. R. App. P. 4(a)(5) (implementing the statute).

Here, the extension deadline under § 2107(c) expired on March 11, 2020, but Synopsys never moved for an extension, thus depriving the district court of the ability to extend the time.

The DOL's and CIR's responses to Synopsys's intervention motion were due on March 10, the day before the extension deadline expired, 2-ER-FA242, and so neither party raised the issue. Once the deadline passed, however, both parties immediately raised the issue in

administrative motions filed on April 13, 2020, and April 17, 2020, respectively. *Id.* DOL sought the court's leave to file supplemental briefs on this point, which CIR supported. The district court denied DOL's motion on the basis that "timeliness of an appeal is typically adjudicated by the Court of Appeals." Order at 1, *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-cv-01843 (N.D. Cal. Apr. 20, 2020), Dkt. No. 75.

Still, on July 20, 2020, the district court granted Synopsys leave to intervene for the sole purpose of appealing the disclosure order, allowing Synopsys "6 days to timely file a notice of appeal." 1-ER-FA9. The court did not cite any authority for extending Synopsys's appeal deadline without a formal extension motion, nor did the court make any finding of "good cause or excusable neglect," both of which are required under 28 U.S.C. § 2107(c). On July 22, 2020—over 7 months after entry of the disclosure order, 5 months after the appeal deadline expired under § 2107(b), and 4 months after the extension deadline expired under § 2107(c)—Synopsys at last filed a notice of appeal. 2-ER-FA27.

In its briefs to this Court, Synopsys has not argued that DOL or CIR forfeited arguments that its appeal was untimely or that the district court lacked authority to extend its appeal deadline.

## III. LEGAL ARGUMENT

### A. The statutory requirements to file a timely notice of appeal and to file a timely extension motion are jurisdictional and therefore not subject to forfeiture.

In *Hamer*, the Supreme Court enumerated two types of rules governing appeal deadlines: jurisdictional rules and mandatory claim-processing rules. 138 S. Ct. at 16. If Congress wrote an appeal deadline into a statute, it is "jurisdictional"; but if it appears only in a judicial rule, it is merely a "mandatory claim-processing rule." *Id.* at 20; *see also Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1162 (9th Cir. 2018) (stating that where the "requirement is statutory, *Hamer* does not call into question its status as a jurisdictional limitation.").

This distinction has a crucial impact on forfeiture of asserting noncompliance with the rules: jurisdictional rules are "not subject to waiver or forfeiture and may be raised at any time in the court of first instance and on direct appeal," whereas objections to faulty compliance with mandatory claim-processing rules can be forfeited. *Hamer,* 138 S. Ct. at 17 (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).

Here, all of the governing rules were imposed by statute and thus are jurisdictional. Synopsys failed to file a timely notice of appeal in accordance with 28 U.S.C. § 2107(b), and it failed to file a motion to extend in accordance with 28 U.S.C. § 2107(c), thereby eliminating the district court's ability to extend the appeal deadline as authorized by § 2107(c). As discussed below, because these rules are jurisdictional, according to *Hamer*, it was impossible for CIR to forfeit its arguments.

**1. The requirement in 28 U.S.C. § 2107(b) to file a timely notice of appeal is jurisdictional and thus not subject to forfeiture.**

In 28 U.S.C. § 2107, Congress codified the requirement to file a timely notice of appeal within 60 days in civil cases where one of the parties is a federal agency. § 2107(b). This requirement is implemented in Rule 4(a)(1)(B), but it lives first and foremost in statutory text. Per *Hamer*, the statutory requirement to file a timely notice of appeal is jurisdictional and not subject to forfeiture. 138 S. Ct. at 17.

The Supreme Court has repeatedly found that a timely notice of appeal is the paradigm example of a jurisdictional requirement. In *Hamer*, the Court reiterated that "an appeal filing deadline prescribed by statute will be regarded as 'jurisdictional,' meaning that late filing of

the appeal notice necessitates dismissal of the appeal.” 138 S. Ct. at 16. The Court reaffirmed its holding in *Bowles v. Russell*, where it ruled that the petitioner’s “failure to file his notice of appeal in accordance with the statute . . . is one of jurisdictional magnitude,” so that “he cannot rely on forfeiture or waiver to excuse his lack of compliance with the statute’s time limitations.” 551 U.S. 205, 213 (2007). Indeed, the Supreme Court has consistently reached this same conclusion for decades. *See, e.g.*, *Browder v. Dir., Dep’t of Corr. of Ill.*, 434 U.S. 257, 264 (1978) (holding that the requirement to file a timely notice of appeal is “mandatory and jurisdictional” and citing Supreme Court holdings dating back to 1934).

This Court, too, has found that it lacks jurisdiction when “the notice of appeal is not timely filed . . . and the appellee raises the untimeliness as a basis for dismissal.” *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018); *see also United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (“[W]e must dismiss civil appeals that are untimely for lack of jurisdiction, whether or not the parties raise the issue.”).

Since this requirement is jurisdictional and not subject to forfeiture, CIR could raise its objection to Synopsys's untimely appeal "at any time in the court of first instance and on direct appeal." *Hamer*, 138 S. Ct. at 17.

**2. The requirement in 28 U.S.C. § 2107(c) to file a timely extension motion is jurisdictional and thus not subject to forfeiture.**

In 28 U.S.C. § 2107, Congress also codified the requirements for a litigant to obtain—and a court to grant—an extension of the deadline for filing a notice of appeal. As relevant here, a district court may only extend the time to appeal if a litigant first files an extension motion "not later than 30 days after the expiration of the time otherwise set for bringing appeal," and "upon a showing of excusable neglect or good cause." § 2107(c). These requirements are implemented in Rule 4(a)(5). Because they are imposed by statute, the requirements for filing a timely extension motion are jurisdictional and objections to noncompliance with these requirements are not subject to forfeiture. *Hamer*, 138 S. Ct. at 17.

Just as with § 2107(b), the Supreme Court has *long* held that § 2107(c)'s restrictions on a district court's authority to grant an

extension motion are jurisdictional. In *Bowles*, the Court found that § 2107(c) is "more than a simple 'claim-processing rule,'" but rather a jurisdictional mandate. 551 U.S. at 213. It noted that this has been true since at least 1848, "even prior to the creation of the circuit courts of appeals." *Id.* at 206–10 ("[W]hen an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'") (quoting *United States v. Curry*, 47 U.S. 106, 113 (1848)). The Court reaffirmed this well-established rule in *Hamer*, 138 S. Ct. at 21. Similarly, even before *Bowles*, this Court identically held that "the requirement of a timely motion under [§ 2107(c), as implemented by Rule 4(a)(5)] is a jurisdictional one" that is not subject to waiver or forfeiture. *United States ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 955 (9th Cir. 2010).[2]

---

[2] Other Circuits have reached the same conclusion. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 605 (7th Cir. 2021) (holding that § 2107(c)'s requirements are "jurisdictional and cannot be sidestepped or waived"); *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.,* 926 F.3d 427, 431 (7th Cir. 2019) (same); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017) ("[B]oth the text and structure of [§ 2107] provide that if a losing party wants more time to file an appeal, it must file a motion in the district court asking for more time."); *Parker v.*

Accordingly, CIR could not forfeit its jurisdictional objection that, because Synopsys failed to file a motion in accordance with § 2107(c), the district court improperly extended Synopsys's time for filing a notice of appeal.

### B. Even if these requirements are not jurisdictional, CIR did not forfeit its argument that Synopsys failed to satisfy them and that the district court exceeded its authority by ignoring Synopsys's noncompliance.

Even assuming that the requirements of 28 U.S.C. § 2107 are mere mandatory claim-processing rules subject to forfeiture, CIR preserved its arguments in this Court and in the district court. This Court, "not the district court, [is] the ultimate arbiter[] of compliance with the rules governing the appellate process." *Sadler*, 480 F.3d at 940. Even so, this Court's jurisdiction extends to all issues raised below. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004) (appellate jurisdiction extends to issues "properly raised before the district court").

---

*Strickland*, 728 F.2d 1406, 1407 (11th Cir. 1984) ("Even a *pro se* appellant must make a specific motion for an extension.").

Here, CIR preserved its arguments regarding Synopsys's noncompliance with § 2107 in two ways. First, CIR raised these appellate-process arguments in its briefs to this Court, which is the appropriate forum to address them. Second, CIR additionally raised these issues with the district court below.

At the outset, CIR preserved its arguments by raising them directly to this Court. In *Sadler*, this Court held that appellate-process arguments such as untimeliness are appropriately raised on appeal, such that a party does not "forfeit[] his right to strict adherence to Rule 4" if they "objected to the timeliness of the appeal in its brief" to the Circuit Court. 480 F.3d at 940–41 (quoting *Bowles v. Russell*, 432 F.3d 668, 672 n.1 (6th Cir. 2005), *aff'd*, 551 U.S. at 215). Here, as in *Sadler*, CIR properly raised its objections under 28 U.S.C. § 2107 and Rule 4 to this Court in both its opening and reply briefs. CIR Opening Brief at 14–21; CIR Reply Brief at 4–13. This is all CIR needed to do to preserve these appellate-process arguments.

Additionally, CIR raised these issues to the district court at the first appropriate opportunity, after Synopsys's deadline to file an extension motion had passed. Synopsys's deadline expired on March 11,

2020, the day *after* CIR's brief in opposition to intervention was due. 2-ER-FA242. Since the extension deadline had not yet expired, it would have been premature for CIR to object then. Accordingly, CIR raised the issue in its subsequent filing on April 17—its very next filing in the matter—in a motion supporting DOL's request for leave to file supplemental material on this very issue. CIR argued:

> Synopsys has been consistently dilatory and now altogether remiss by disregarding its deadline for filing a motion under FRAP 4(a)(5), which was 30 days after expiration of the original time to appeal. That deadline expired on March 11, 2020.

CIR Administrative Motion at 2, *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-cv-01843 (N.D. Cal. Apr. 17, 2020), Dkt. No. 72. Like CIR, the district court seemingly presumed that these appellate-process arguments were preserved: Agreeing with Synopsys and adhering to this Court's precedents, the district court noted that "the timeliness of an appeal is typically adjudicated by the Court of Appeals." Order at 1, *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-cv-01843 (N.D. Cal. Apr. 20, 2020), Dkt. No. 75.

By properly raising the issues to this Court and the district court, CIR preserved its argument that Synopsys failed to follow the statutory

requirements of § 2107 and that the district court exceeded its authority by ignoring Synopsys's noncompliance.

### C. Synopsys waived any forfeiture argument by failing to raise it in its briefs to this Court.

Last, CIR notes that neither of Synopsys's briefs to this Court argued that CIR had forfeited its objections to the court's authority to extend the appeal deadline. Accordingly, *Synopsys*, not CIR, forfeited this issue.[3] *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments . . . omitted from the opening brief are deemed forfeited."); *see also Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (declining to address waiver *sua sponte* because "the more prudent course is to resolve the case on the basis of the issues actually

[3] In its reply brief, Synopsys cursorily suggests that "DOL and CIR sat on their hands" regarding the district court's order purporting to extend Synopsys's appeal deadline. Synopsys Reply Brief at 7. CIR disputes this characterization, as CIR raised the issue in its next filing, as discussed above. Further, Synopsys did not actually argue that CIR forfeited these issues, but rather devoted several pages to the substance of CIR's § 2107 arguments. This single reference in a reply brief is insufficient to preserve the forfeiture issue. *See Norwood*, 591 F.3d at 1068 (plaintiff "waived waiver" "by addressing the claim on the merits without also making a waiver argument"); *United States v. Sainz*, 933 F.3d 1080, 1085 (9th Cir. 2019) (a party "must do more than remain silent; it must expressly invoke the waiver to avoid waiving it.").

briefed and argued by the parties"); *Atencio v. TuneCore, Inc.*, 843 F. App'x 42, 44 (9th Cir. 2021) (declining to consider forfeiture since "forfeiture was waived by Plaintiffs on appeal").

## IV. CONCLUSION

For the reasons stated above, this Court should find that CIR's arguments that Synopsys failed to comply with 28 U.S.C. § 2107 are not subject to forfeiture because they are jurisdictional requirements, and nevertheless, were not forfeited, as CIR raised them in the district court and this Court. Alternatively, this Court should find that Synopsys forfeited any forfeiture argument by failing to raise this issue directly to this Court.

DATED: November 10, 2021 Respectfully submitted,

*s/ D. Victoria Baranetsky*
D. VICTORIA BARANETSKY
THE CENTER FOR INVESTIGATIVE REPORTING

STEVEN A. HIRSCH
MATTHEW M. WERDEGAR
KEKER, VAN NEST & PETERS LLP

*Attorneys for Plaintiffs-Appellees / Cross-Appellants* WILL EVANS and THE CENTER FOR INVESTIGATIVE REPORTING

## CERTIFICATE OF COMPLIANCE

This brief contains 3,051 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f). The brief's type size and typeface comply with Federal Rule of Appellate Procedure 32(a)(5) and (6). I certify that this brief complies with the word limit indicated in the Court's order.

*s/D. Victoria Baranetsky*
D. VICTORIA BARANETSKY

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/D. Victoria Baranetsky*
D. VICTORIA BARANETSKY